(No. 32846.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES JOY BISHOP, Plaintiff in Error.

*Opinion filed September 24, 1953.*

JAMES JOY BISHOP, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JAMES E. BALES, State's Attorney, of Dixon, (FRED G. LEACH, and HARRY L. PATE, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On January 16, 1953, James Joy Bishop, hereafter referred to as the defendant, filed in the circuit court of Lee County his motion in the nature of a writ of error *coram nobis* seeking to set aside a judgment of that court entered on June 22, 1949, on his plea of guilty to an indictment charging him with the crimes of kidnapping and kidnapping for ransom, upon which he was sentenced to confinement in the Illinois State Penitentiary for the term of his natural life. The State's Attorney filed a motion to dismiss on the ground that the allegations of defendant's motion were not

matters for review by writ of error *coram nobis*. The court sustained the motion to dismiss. By this writ of error defendant questions the correctness of that ruling. He has presented here the common-law record in the original criminal proceeding as well as the record showing the proceedings in *coram nobis*. The only questions before us are whether the defendant's motion sets forth any facts which, if known to the trial court at the time, would have prevented the judgment of conviction and whether, assuming such facts exist, they were unknown to the court through no fault or negligence of the defendant.

A motion in the nature of a writ of error *coram nobis,* while available in criminal as well as in civil cases, has the limited function of bringing to the attention of the court errors of fact of such character as would have prevented the rendition of the judgment. It lies to set aside a conviction obtained by fraud or duress. It is also available where the defendant has been deprived of a defense which he would have used at the trial and which, if known to the court, would have prevented conviction, but only under circumstances showing excusable mistake or ignorance of the accused and the absence of negligence on his part. *Guth* v. *People,* 402 Ill. 286; *Greene* v. *People,* 402 Ill. 224; *Hawks* v. *People,* 398 Ill. 281; *People* v. *Bruno,* 346 Ill. 449.

The allegations of defendant's motion pertinent here are that on June 4, 1949, he went to the city of Dixon in the county of Lee for the purpose of stealing an automobile; that he contacted an automobile salesman by the name of Frank Hoyle and made an appointment with him for that evening at 7:00 o'clock for a demonstration; that at the appointed time the defendant and Hoyle met and drove in an automobile owned by Hoyle's company to a point about three miles north of Dixon, where defendant produced a 32-caliber revolver, pointed it at Hoyle and made Hoyle turn over all his money amounting to about $80 in currency; that defendant then forced Hoyle to drive north-

east to the village of New Milford, where he forced Hoyle to have the tank filled with gasoline; that thereafter they continued to drive; that at about 11:00 o'clock P.M. defendant released Hoyle upon a road east of Belvidere, after forcing him to hand over his wrist watch, pen-and-pencil set, socks and shoes; that the entire time defendant and Hoyle were together they were on the public streets and roads of the towns and communities above mentioned. Defendant further states that he did not know that the offense for which he was charged contained the element of secret confinement; that he pleaded guilty to the charge without that knowledge; that he was not advised by his counsel that that was one of the elements of the offense; that had he been advised of that fact he would not have pleaded guilty. He concludes that the court would not have entered its judgment had these circumstances been known; that the facts show excusable mistake on his part and that his conviction cannot stand.

We have reached the conclusion that defendant's argument is untenable for several reasons. In the first place, the common-law record of proceedings shows, and defendant's motion states, that defendant was furnished with a copy of the indictment. The indictment contains the allegation that Frank Hoyle was wilfully, unlawfully and forcibly seized by the defendant against his will and secretly confined within the State of Illinois for the purpose of extorting ransom and money and other valuable thing and concession from Frank Hoyle. Defendant, upon being furnished with a copy of the indictment, had every opportunity to read it and know its contents. The indictment states clearly and directly every element of the offense charged including the element of secret confinement. Defendant cannot now be heard to say that he was unaware that secret confinement was one of the elements of the charge against him when it was plainly stated in the instrument charging him with the offense.

The record shows that upon request of defendant's counsel, a hearing in aggravation and mitigation was held by the court at which time witnesses for the State and defendant were sworn and examined. Presumably, therefore, the court was fully aware of all the facts and circumstances surrounding the commission of the crime as well as any other facts within the scope of such a hearing. It cannot be concluded that the court was in ignorance of the actual occurrence or that the judgment was entered by the court without knowledge of defendant's acts upon the date in question.

Further, defendant's argument assumes that there can be no secret confinement in an automobile so long as the vehicle is in motion upon the highways of the State. This assumption is entirely unwarranted. A person forcibly confined in an automobile constantly moving from place to place may be more secretly and effectively confined from the kidnapper's standpoint than one kept in a building or other place of incarceration. Common experience has shown that a victim and his kidnapper so situated can be most difficult to locate. By his own statement, this defendant forcibly confined Hoyle in the automobile for approximately four hours while it was driven about the State. It was only after defendant had taken Hoyle's money and valuables that he finally forced him from the car. From these facts it appears clear that Hoyle was taken by force and confined until whatever of value he had upon his person, as well as the automobile, had been extorted from him, and the conclusion from the facts stated in the motion that there was no secret confinement is without any foundation.

The order and judgment of the circuit court of Lee County dismissing defendant's motion will be affirmed.

*Order and judgment affirmed.*