436

The People of the State of Illinois, Plaintiff-Appellant, *v.* Richard J. Scholin, Defendant-Appellee.

(No. 12430; ▮▮▮▮▮▮▮▮

Fourth District—August 15, 1974.

James R. Burgess, Jr., State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, and Oscar Marquis, Senior Law Student, of counsel), for the People.

Lawrence E. Johnson and Associates, of Champaign (L. Keith Hays, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal by the State under Supreme Court Rule 604(a) (Ill. Rev. Stat. 1971, ch. 110A, ¶ 604(a)), from an order dismissing two counts of a complaint and information brought against defendant for the alleged offense of theft. The dismissal was with leave for the State to file an amended information within 5 days. On appeal, the State urges two issues for review. However, we find that the appeal is improperly brought and should be dismissed.

The trial court dismissed the two counts on the ground that the complaint failed to adequately state the ownership of the property in question. The State was given 5 days to remedy the defect and file an amended information. Notwithstanding the fact the State did not inform the court it intended to stand on the original complaint, it immediately appealed.

Supreme Court Rule 604(a)(1) permits the State to appeal "* * * an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; * * *." It is true that section 114—1(a)(8) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, ¶ 114—(a)(8)) mandates that pursuant to defendant's written motion, the charging instrument (indictment, information or complaint) must be dismissed if it fails to charge an offense. The State relies upon this provision to legitimize its appeal herein; however, the salient facts in this case do not demonstrate that the court's order is sufficiently final as envisaged by Rule 604(a)(1) to warrant an appeal. The court's order mandated that the State file an amended information within 5 days and that the defendant would be arraigned thereunder.

Accordingly, the appeal is dismissed.

Appeal dismissed.

SMITH, P. J., and SIMKINS, J., concur.