(No. 47052.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RICHARD J. SCHOLIN, Appellee.

*Opinion filed November 25, 1975.*

CREBS, J., took no part.
WARD, J., dissenting.

William J. Scott, Attorney General, of Springfield, and
James R. Burgess, Jr., State's Attorney, of Urbana (Robert
James Steigmann and Donald R. Parkinson, Assistant
State's Attorneys, of counsel), for the People.

Lawrence E. Johnson and Associates, of Champaign
(L. Keith Hays, Jr., of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion
of the court:

In a complaint and an information filed in the circuit
court of Champaign County defendant, Richard J. Scholin,
was charged with two offenses of theft, not from the
person, and not exceeding $150 in value. (Ill. Rev. Stat.
1973, ch. 38, par. 16—1.) On August 15, 1973, the circuit
court allowed defendant's motion to dismiss both counts
and in its order, *inter alia,* provided:

"*** said motion is by the Court allowed and Count
I and Count II dismissed with leave to the State to file

Amended Information within five (5) days, Defendant to continue on bond pending filing of Amended Information.

IT IS NOW ORDERED BY THE COURT that said cause be and the same is hereby allotted for arraignment on Amended Information August 20, 1973 at 9:30 o'clock A.M."

On August 16, 1973, the People appealed. The appellate court, holding that the circuit court's order was not final and appealable, dismissed the appeal (21 Ill. App. 3d 436) and we allowed the People's petition for leave to appeal.

The People contend that the State's Attorney was vested with the discretionary power to determine whether amended charges were to be filed and that the circuit court was without power to "mandate" the State's Attorney to do so. The People argue that there is no statutory authority for the order entered by the circuit court, that the order was a final order, and that "there no longer was any charge pending against the defendant." They argue further that the "substantive effect" of the order resulted in the dismissal of the charge and that under Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 604) it was appealable.

We do not agree. This record presents no attack on the discretionary powers of the State's Attorney. The order granted leave to file amended charges and did not purport to require their filing.

We need not, and therefore do not, reach the question whether the circuit court was empowered to dismiss the information or complaint, grant leave to file amended charges, and hold the defendant to bail pending such filing. Clearly the circuit court did not intend to dismiss the charges or there would have been no reason to hold the defendant to bail or to set a time for arraignment. Under these circumstances the "substantive effect" of the order did not result in the dismissal of the charges within the contemplation of Rule 604(a). We hold, therefore, that an

appeal did not lie from the order of the circuit court, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.

MR. JUSTICE WARD, dissenting:

I must dissent from the majority's conclusion, which I consider sanctions an irregular and incongruous proceeding by the circuit court and offends plain language. The defendant moved to dismiss the two counts of the information on the ground that neither of them adequately pleaded the commission of the crime alleged, and because of this both counts lacked legal efficacy. The court in its order stated that the motion of the defendant was allowed and said that the two counts were dismissed. The majority says that the court "did not intend to dismiss the charges," but this assertion is difficult to reconcile with the courts's order holding the defendant was correct in his contention that the information was a nullity. His motion was allowed, and because the information was a nullity it was dismissed by the court. The court did say the State was given leave to file an "amended information," and the court continued the defendant on bond and set an arraignment date. This language, however, was contradictory of the court's allowance of the motion and the dismissal of the information. The court had agreed with the defendant that the information was void.

I consider the People are correct in their contention that the effect of the court's order stating that the counts were *dismissed* was to dismiss the charges against the defendant and make the order appealable under Rule 604. I would hold, too, that the circuit court's order constituted an attempted interference with the discretionary authority of the State's Attorney to determine whether he would file another information. The State's Attorney was

not required to initiate a new prosecution or forgo prosecuting the defendant. The counts had been dismissed, and the prosecutor had the right to appeal from the trial court's dismissal. Considering this, I must disagree with the majority's statement that the record here presents no attack on the State's Attorney's discretionary powers. I would note that the appellate court's opinion dismissing the appeal, after stating that the circuit court's order was not "sufficiently final" to be appealable, said that the court's order "mandated that the State file an amended information within 5 days." Thus, the appellate court, though it dismissed the People's appeal, appeared to acknowledge abridgement by the circuit court of the State's Attorney's discretionary powers.

I would observe, too, that the rights of the accused have been totally disregarded by the circuit court, the appellate court and this court. Over two and one-half years ago this motion to dismiss the counts of the information was held to be well founded and the motion was allowed and the court ordered the counts dismissed. Incongruously, he remains on bond. I say incongruously, of course, because the circuit court said the charges against him were void and ordered them dismissed.