THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
YVONNE WALKER *et al.*, Defendants-Appellees.

First District (2nd Division)    Nos. 77-438, 77-560 cons.

Opinion filed January 31, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ann Callum, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Gail A. Moreland, Assistant Public Defender, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:
These consolidated appeals are taken by the state from dismissal of

theft complaints (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)) against defendants, Yvonne Walker and Benny Chapman. The issues presented for review are (1) whether the trial court's order is appealable by the State, and (2) whether the trial court was authorized to dismiss the complaints under the circumstances presented.

The complaints charged defendants with theft of $30 from Patricia Gates on November 15, 1976. Nine days later the case was initially presented to the trial court. The assistant state's attorney requested a continuance and the following colloquy ensued:

> "MR. FEDERMAN [assistant state's attorney]: Well, the complaining witness is Patricia Gates; I spoke with her, she had a doctor's appointment for two o'clock with Dr. DeBois. She said if she could get out of it she would call me back and she does want to come in and testify in this case; and it's the first time up. She wasn't given this date to come to court.

> MR. FLIESCHER [defendants' attorney]: If I may refresh the Court's recollection, the purpose of the hearing is really a bond hearing; and the statement that I made earlier is that if the State is granted a continuance chances are the defendants will have to spend six days in custody because of the holiday weekend.

> THE COURT: The State's motion is denied.

> MR. FEDERMAN: Well, your Honor, I can't S.O.L. this case, I just can't. He was arrested yesterday; the usual procedure is not for the complaining witness—

> THE COURT: I will dismiss them; go on.

> MR. FEDERMAN: If you want to give them an "I" bond you can.

> THE COURT: I S.O.L. the case and —"

## I.

Before we might consider whether the trial court acted properly, it is necessary to consider defendants' motion to dismiss this appeal urging that the order which the State challenges was not appealable because the State was allowed an opportunity to reinstate the charges, thereby rendering it a nonfinal order.

The dismissal with leave to reinstate was predicated on the State's failure to conduct an immediate prosecution of the matter. The trial court denied the State's motion for a short continuance because the complainant had a conflicting doctor's appointment. Thereupon, without a motion to dismiss, the trial court on its own dismissed the complaints and struck the cases with leave to reinstate.

In *People v. Stewart* (4th Dist. 1974), 23 Ill. App. 3d 248, 318 N.E.2d 639, the court held that a similar order lacked finality because the order

was not entered with prejudice, and the State might have refiled the matter. In *People v. Mitchell* (1st Dist. 1975), 32 Ill. App. 3d 650, 336 N.E.2d 44, the court dismissed two appeals by the State from orders striking criminal charges with leave to reinstate, although the merits of a related appeal concerning the suppression of evidence were considered. The court merely stated that the orders striking the charges were not appealable. Neither the *Stewart* nor *Mitchell* decision cited authority for the conclusion which was reached.

However, it should be noted that defendants have appealed from orders striking a criminal charge with leave to reinstate without the respective courts questioning the jurisdictional basis to consider the appeals. (*People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Dawson* (1st Dist. 1972), 3 Ill. App. 3d 668, 279 N.E.2d 483.) As this court observed, "Implicit in those decisions is the consideration that an appellate court is not deprived of jurisdiction where the charge has been stricken with leave to reinstate." *People v. Dragaj* (1st Dist. 1977), 47 Ill. App. 3d 86, 89, 361 N.E.2d 792.

In *People v. Scholin* (1975), 62 Ill. 2d 372, 342 N.E.2d 388, the trial court dismissed an information with leave to file an amended charge within 5 days.[1] A tentative arraignment on the amended information was also scheduled and bond for defendant was imposed during this interim. Rather than file the amended charge, the State appealed within the 5-day period. The supreme court held that the substantive effect of the court's order was not the dismissal of the charges because of the subsequent events contemplated by the trial court.

In *People v. Heddins* (1977), 66 Ill. 2d 404, 362 N.E.2d 1260, the trial court had dismissed the indictment after guilty plea negotiations had faltered but retained a bond for defendant pending further proceedings. The supreme court said the order was not appealable because it lacked finality due to the contemplation of further proceedings. The court distinguished the order in *Scholin* by stating that such order "would have effected the dismissal of the charge and become final upon the expiration of 5 days." 66 Ill. 2d 404, 407.

■■ It is clear the substantive effect of the orders in the present appeals was to dismiss the charges against defendants. In fact the trial court denied the State's motion for a continuance and rejected the State's suggestion to release the defendants on bond on their own recognizance. (Ill. Rev. Stat. 1975, ch. 38, par. 110—2.) The fact the defendants might again be charged at a future time is not controlling. Our reading of *Heddins* suggests that the order in *Scholin* would have been sufficiently

---

[1] The information in *Scholin* was dismissed because it did not properly allege ownership of the stolen property. *People v. Scholin* (4th Dist. 1974), 21 Ill. App. 3d 436, 315 N.E.2d 661; Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(8).

final had the State waited the proper time as specified therein before instituting an appeal, even though the State would not have been prohibited from later filing a new information under section 114—1(e) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(e).) We therefore conclude that the orders in the present case have the requisite degree of finality to permit appeal under Supreme Court Rule 604(a). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a); *People v. Heddins, supra.*) Accordingly, defendants' motion to dismiss the appeal is denied. *Cf. People v. Mourning* (4th Dist. 1976), 37 Ill. App. 3d 945, 947, 347 N.E.2d 48, *appeal denied,* 63 Ill. 2d 561; *People v. Barksdale* (1st Dist. 1969), 110 Ill. App. 2d 163, 249 N.E.2d 165; *People v. Byrnes* (2d Dist. 1975), 34 Ill. App. 3d 983, 341 N.E.2d 729.

## II.

■■ The trial court dismissed the complaints for want of prosecution in these appeals. This basis is not authorized by section 114—1 of the Code of Criminal Procedure. *People v. Uplinger* (4th Dist. 1976), 45 Ill. App. 3d 558, 560-61, 359 N.E.2d 1052.

■■ Under *People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, dismissal for want of prosecution might be authorized if unreasonable delay was tantamount to a denial of due process. Similarly, in *Lawson* it was noted that the State's right to appeal is not affected because the dismissal was not based on grounds set forth in section 114—1. The facts of the present case clearly cannot support a claim of denial of due process. The complaints were sworn to on November 23, 1976, and the defendants appeared on November 24, 1976, on which date the trial court dismissed the complaints. We think the action of the trial court was hasty and without any foundation in fact or law.

Accordingly, the judgments of the circuit court of Cook County are reversed and the causes remanded for further proceedings.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.