THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee and Appellant, *v.* ROBERT ALLEN HARRIS, Defendant-Appellant and Appellee.

Fifth District   No. 77-227

Opinion filed January 3, 1979.

Michael J. Rosborough and Debra Knight Loy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dennis J. Jacobsen, State's Attorney, of Waterloo (Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HICKMAN delivered the opinion of the court:

An information was filed in two counts charging the defendant with aggravated kidnapping. Later the State added two more counts to the information charging armed robbery and burglary. The information charging kidnapping was filed on December 21, 1976, and the additional counts of the information were filed on March 14, 1977.

The cause was called for trial on March 23, 1977. Prior to impaneling of the jury defense counsel orally objected to filing of counts III and IV, that is, those charging armed robbery and burglary. The court dismissed counts III and IV of the information and proceeded to jury trial on counts I and II being the charges of aggravated kidnapping. A jury found the defendant guilty of both counts of the aggravated kidnapping. The court entered judgment on the verdict and sentenced the defendant. The defendant appeals from the judgment and sentence. The State appeals from the order of dismissal. The appeals were consolidated for the purpose of argument and opinion.

The defendant contends that his conviction on the two counts of aggravated kidnapping should be reversed because the State failed to prove beyond a reasonable doubt that the defendant knowingly and secretly confined the victims against their will. The State contends that the trial court committed error in dismissing the counts charging armed robbery and burglary.

The questions raised by this appeal as to the dismissal are the finality

of the order so as to make it appealable, whether or not the dismissal was proper as not being authorized under the Code of Criminal Procedure nor on a clear denial of due process recognized as grounds in *People v. Lawson*, 67 Ill. 2d 449, 367 N.E.2d 1244 (1977). The only question raised as to the correctness of the decision on the two counts of aggravated kidnapping is whether the confinement was against the will and whether the defendant's acts were performed knowingly.

It's convincingly clear from a reading of the record that the victim cooperated with the armed defendant's demand that they drive him to East St. Louis out of fear for safety of other members of the family. The defendant himself in an oral statement referred to the victims as his "hostages." The defendant had further told the victims in the early morning hours in their rural home located near Red Bud that he had just escaped from the penitentiary at Menard and was being pursued by the police. The defendant asked and was shown where a weapon was located in the victims' home. After spending some time in the home the victims were placed in a car and drove the defendant, who was riding in the back seat, to East St. Louis. The victims cooperated with the defendant during the ride to East St. Louis and when they got to East St. Louis. All this time the defendant had the weapon taken from the victims. One of the victims stated that the biggest threat from the defendant was to point a gun at them. One of the victims stated that the defendant motioned with the gun for them to accompany him on the first trip out of the house. There was testimony that the defendant had informed the victims that he had a split personality and that he could be very calm or very violent.

One of the victims testified he would not have volunteered to drive the defendant anywhere but for the fact that the defendant was in his home and was in the possession of a knife and pistol. This witness further testified that the defendant appeared very upset. When this witness was asked why he cooperated with the defendant his statement was "the choice I had to keep my family from getting hurt, and myself both."

■■ The defendant himself testified that from the time he left the victims' residence he kept the pistol in his belt. There is no argument by the defendant that the evidence fails to show "secret confinement." The Illinois law is well settled that confinement in an automobile satisfies this requirement. *People v. Hamil*, 20 Ill. App. 3d 901, 314 N.E.2d 251 (1st Dist. 1974); *People v. Bishop*, 1 Ill. 2d 60, 114 N.E.2d 566-68 (1953).

Section 10—2(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(5)) provides in substance that a kidnapper is guilty of the offense of aggravated kidnapping when he commits the offense of kidnapping while armed with a dangerous weapon. Further, according to section 10—1(a)(1) of the code, kidnapping occurs when a person knowingly and secretly confines another against his will.

The facts recited above coupled with the defendant himself referring to holding the victims as hostages; requesting of the couple to accompany him while pointing a pistol; driving in the manner shown by the facts from their home near rural Red Bud to East St. Louis with the pistol remaining in the belt of the defendant, all point up the lack of merit in the contention that the victims were not confined against their will. There is no basis in the record for this court to disturb the jury's determination that the victims' confinement by the defendant was against their will.

Similarly, the argument that the State failed to prove the defendant knew his acts were against the will of his victims is not deserving of much added comment. The evidence amply demonstrates that the jury had more than adequate evidence from which to conclude that the journey by the defendant with the victims was against their will. In fact, based on the facts presented, the jury was well within their province as trier of the facts to make such a finding. This court should not and will not disturb that finding.

As to the appeal by the State from the order dismissing counts III and IV of the information on the day of trial upon the motion of counsel for defendant, the court concludes that the order of dismissal was improper but that the order was appealable. Supreme Court Rule 604(a)(1) provides in applicable part that the State may appeal "from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).

In *People v. Lawson,* our supreme court recognized that Rule 604(a) was not to reduce the State's right of appeal from a dismissal to only the grounds set forth in section 114—1 but also to include those instances where the substantive effect would be a dismissal of the charge. (67 Ill. 2d 449, 367 N.E.2d 1247, relying on *People v. Rotramel,* 5 Ill. App. 3d 196, 282 N.E.2d 484 (2d Dist. 1972); see also *People v. Walker,* 57 Ill. App. 3d 77, 372 N.E.2d 1084, 1086 (1st Dist. 1978).)

■■■ Defendant cites *People v. Stewart,* 23 Ill. App. 3d 248, 318 N.E.2d 639 (1974), as the sole authority for his position, that to be appealable an order of dismissal must contain the statement that such dismissal is "with prejudice." The court in Stewart didn't analyze section 114—1 or Rule 604(a). A clear reading of the statute and the Supreme Court Rule show that this is not a prerequisite of appealability. In fact, section 114—1(e) states that the dismissal on grounds enumerated in section 114—1(a) shall not prevent the filing of a new charge, this is, such a dismissal is "without prejudice." The controlling factor is whether the substantive effect of the court's order is to dismiss a charge. Case law indicated that where the trial court gives the State a specific amount of time to file an amended charge (*People v. Scholin,* 62 Ill. 2d 372, 342 N.E.2d 388 (1975)), or orders that

the defendant be held on bond pending further proceedings (*People v. Heddins*, 66 Ill. 2d 404, 362 N.E.2d 1260 (1977)), the intent to dismiss the charge is negated by the court's contemplation of further proceedings, and thus such an order is not appealable.

But the mere fact that the defendant might again be charged at a later date is not controlling. *People v. Walker*, 57 Ill. App. 3d 77, 372 N.E.2d 1084 (1st Dist. 1978).

■■ ■ The proposition for which the State cites Walker—that an order dismissing a criminal charge should be treated as appealable unless the trial court has indicated that further proceedings are contemplated— would appear to be a workable one, and one consistent with Supreme Court Rule 604(a). Thus, it's apparent that the order here should be treated as an appealable one.

■■ On the merits of the dismissal section 111—2(e) of the Code of Criminal Procedure authorizes prosecution of charges filed after preliminary hearing when the charges all arise out of the same transaction. This statute's constitutionality was upheld in *People v. Redmond*, 67 Ill. 2d 242, 367 N.E.2d 703 (1977). It necessarily follows that objection on this basis is clearly without merit. Nor can the dismissal order be upheld on the basis of the holding in *Lawson*. In Lawson the reason for the dismissal was pre-indictment delay. The court made clear that the burden in such a situation is on the defendant to demonstrate actual and substantial prejudice. In this case there was no showing that any denial of the defendant's due process rights would have occurred had he been tried on the additional counts. All the discovery applicable to the additional counts had long been made available and no additional witnesses would have been necessary for the State to prove armed robbery and burglary. And, further, had defense counsel argued that he needed additional time to defend against the additional charges he could have moved for a continuance under section 114—4(b)(6). This he did not do. Nor did he argue that the defendant had been prejudiced. His argument was merely that the additional counts should have been fixed before the preliminary hearing. There is nothing in this record to demonstrate that there was a clear denial of due process by the filing of the additional counts. It necessarily follows that the court therefore had no authority to enter such an order and it must be reversed.

For the foregoing reasons defendant's conviction of aggravated kidnapping is affirmed. The order of the circuit court dismissing the armed robbery and burglary counts of the information is vacated and the cause remanded for further proceedings.

Affirmed in part; reversed in part and remanded.

EBERSPACHER and KARNS, JJ., concur.