THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT E. BRAND, Defendant-Appellant.

Fourth District    No. 4—97—0048

Opinion filed October 21, 1997.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

●1 This case concerns an obscure aspect of statutory double jeopardy in this state. Section 3—4(a)(3) of the Criminal Code of 1961 (Code) states, in part, as follows:

> "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>
> * * *
>
> (3) *Was terminated improperly* after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or *after a plea of guilty was accepted by the court.*" (Emphasis added.) 720 ILCS 5/3—4(a)(3) (West 1994).

On November 4, 1996, defendant, Scott E. Brand, entered a negotiated plea of guilty in the circuit court of Champaign County to the offense of driving while under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1994)). The plea was accepted by the court, *a judgment was entered on the plea,* and the case was set for sentencing on December 6, 1996. Defendant appeared on that date and time and was accompanied by counsel. Nobody appeared on behalf of the State. The judge became angered by the tardiness of the prosecutor and informed the defendant that the court was going to "dismiss this for want of prosecution." Defense counsel responded that he had "[n]o

objection." The court then entered an order stating, "cause dismissed for want of prosecution."

The State then moved to reconsider the previous order and on December 27, 1996, with defendant present and both sides represented by counsel, the trial court heard arguments, allowed the motion, and set aside its order purporting to dismiss the cause. Defendant then moved the court to dismiss the cause because prosecution was barred by section 3—4(a)(3) of the Code. On January 10, 1996, the court heard arguments and denied the motion. Defendant has appealed pursuant to Supreme Court Rule 604(f) permitting a defendant to appeal an order on the "denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 145 Ill. 2d R. 604(f).

■ Here, the case was purportedly dismissed after defendant's guilty plea had been accepted by the circuit court. The dismissal was wrongful in that under *People v. Walker*, 57 Ill. App. 3d 77, 80, 372 N.E.2d 1084, 1086 (1978), a circuit court has no authority to dismiss a criminal case as a sanction against the State for failure to appear. Accordingly, defendant maintains that under the provisions of section 3—4(a)(3) of the Code, the setting aside of the order purporting to dismiss the case placed him in double jeopardy. Defendant claims merely a violation of this statutory provision and not a constitutional violation of his right against being placed in double jeopardy.

This case is in a most unusual posture because, under section 3—4(a)(3) of the Code, statutory jeopardy attaches after a plea of guilty when a prosecution is wrongly terminated. This case differs from *People v. Rinks*, 80 Ill. App. 2d 152, 224 N.E.2d 29 (1967), cited by the State, where a case was dismissed by a magistrate for want of prosecution before jeopardy attached and that defendant was later tried and convicted. To require defendant here to be sentenced for the offense to which he entered a plea of guilty would not have required him to twice "run the gauntlet" of exposure to criminal liability that double jeopardy prohibitions have been created to prevent. See *Ashe v. Swenson*, 397 U.S. 436, 446, 25 L. Ed. 2d 469, 477, 90 S. Ct. 1189, 1195 (1970); *Green v. United States*, 355 U.S. 184, 189-90, 2 L. Ed. 2d 199, 205-06, 78 S. Ct. 221, 225 (1957). Defendant ran that path once when he was arraigned and pleaded guilty. To stand to be sentenced now would impose upon him only what a convicted defendant must undergo.

Because allowing the case to proceed to sentencing would not impose an unfair burden on defendant, his position is a very technical one. Viewing the matter from a technical standpoint, we note the circuit court had entered a judgment on the plea of guilty before the court entered an order purporting to "dismiss" the cause. While the

final judgment in a criminal case, where a conviction has been attained, is the sentence (*People v. Allen*, 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284 (1978); *People v. Warship*, 59 Ill. 2d 125, 130, 319 N.E.2d 507, 510 (1974)), the judgment of conviction has some significance. Here, the court never set it aside. Thus, the order setting aside the order purporting to dismiss the cause did not constitute a new prosecution. Defendant was not required to plead again.

Defendant has only been charged once, only one judgment of conviction has been entered, and only one sentence will be imposed. The circuit court properly denied defendant's section 3—4(a)(3) motion.

We affirm.

Affirmed.

GARMAN and KNECHT, JJ., concur.