THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY D. WILLIAMS, Defendant-Appellant.

Third District   No. 4—97—0611

Opinion filed April 7, 1998.

Daniel D. Yuhas, of State Appellate Defender's Office, and Michael H. Vonnahmen, both of Springfield, for appellant.

Michael J. Kick, State's Attorney, of Kankakee (John X. Breslin and

Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Jerry D. Williams, was convicted in a bench trial of two counts of attempted aggravated kidnaping (720 ILCS 5/8—4(a), 10—2(a)(2) (West 1996)). He was sentenced to a five-year term of imprisonment. The defendant appeals, contending that the State failed to prove him guilty beyond a reasonable doubt. We affirm.

## FACTS

The State's evidence established that on August 25, 1996, nine-year-old T.M. was walking with her friend, 10-year-old A.S., from T.M.'s house in Momence, Illinois, to A.S.' grandmother's house. Although it was early evening, it was still sunny, and the distance between the two houses was only three blocks. Along the way, the defendant, whom the girls had never seen before, pulled up behind them in his car. The girls testified that the defendant reached across the passenger seat, offered them candy and said if they got in the car he would take them wherever they wanted to go. The girls walked on to the nearest house and watched as the defendant drove away. They observed the defendant and his car a second time as they ran to A.S.' grandmother's house. There, A.S. told her mother about the incident; A.S.' mother telephoned T.M.'s father; and T.M.'s father radioed the police. As T.M., A.S. and her mother waited outside for the police, the girls saw the defendant's car drive by again. A.S.' mother gave chase on A.S.' bicycle but failed to apprehend the defendant. Based on the victims' descriptions of the defendant and his car, the police subsequently located the defendant at his home in Rensselaer, Indiana.

Momence Police Chief Steven Cromwell testified that when he first spoke with the defendant on August 29, 1996, the defendant denied that he had spoken to any little girls, offered them candy or tried to pick them up. After further investigation, Cromwell returned to Rensselaer on September 9, 1996, and arrested the defendant. The defendant then volunteered that he had spoken to the girls but could not recall the conversation. He denied that he had any candy in his car or that he had tried to pick up the girls.

The defendant testified at trial that he was looking for a new Wilco grocery store in Momence on the evening of August 25, 1996. When he saw the girls, he pulled up and asked if they had seen a Wilco store. The defendant denied that he offered them candy or a ride in his car. He said they just shrugged, and he left. He drove around the neighborhood a little longer and inquired about the

grocery store at a service station, but no one there could help him either. He then decided to drive back to the Wilco in Rensselaer. The defendant further explained that a lawyer had told him on another occasion that he should never give a statement to the police; therefore, he had not told Cromwell the truth about his encounter with the girls prior to trial. Following arguments of counsel, the trial court found the defendant guilty of attempted aggravated kidnaping, as charged.

On appeal, the defendant argues that the State failed to prove beyond a reasonable doubt that he intended to secretly confine the victims. We disagree.

## ANALYSIS

■ Aggravated kidnaping occurs when a person, knowingly and with intent secretly to confine a child under age 13 against her will, induces her by deceit or enticement to go from one place to another. 720 ILCS 5/10—1(a)(3), 10—2(a)(2) (West 1996). It is well settled that confinement in an automobile satisfies the "secret confinement" element of the offense. *People v. Bishop*, 1 Ill. 2d 60, 114 N.E.2d 566 (1953); *People v. Harris*, 68 Ill. App. 3d 12, 385 N.E.2d 789 (1979). Also, a victim's unwillingness is presumed if the victim is under age 13 and the intended secret confinement is without the consent of a parent or guardian. 720 ILCS 5/10—1(b) (West 1996).

■ A defendant commits the inchoate offense of attempt when he, with the intent to commit a specific offense, does any act which is a substantial step toward committing that offense. 720 ILCS 5/8—4(a) (West 1996). The defendant's intent is rarely susceptible of direct proof and is generally proved circumstantially. *People v. Miller*, 58 Ill. App. 3d 1019, 374 N.E.2d 1118 (1978). Intent may be inferred from the defendant's conduct and other facts presented at trial. *People v. Long*, 30 Ill. App. 3d 815, 333 N.E.2d 534 (1975).

■ When the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). If the evidence is merely conflicting, a court of review will not substitute its judgment for that of the trier of fact. *People v. Locascio*, 106 Ill. 2d 529, 478 N.E.2d 1358 (1985). Determinations regarding the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn from the evidence are also the responsibility of the trier of fact. *People v. Steidl*, 142 Ill. 2d 204, 568 N.E.2d 837 (1991).

■ Considered in the light most favorable to the State, the evidence in this case was sufficient to support the defendant's convictions. The victims testified that while they were walking together in a residential neighborhood, the defendant approached them in his vehicle, offered them candy and indicated he would take them wherever they wanted to go if they got in the car. After being rebuffed, the defendant continued to prowl the neighborhood and fled when approached by the mother of one of the victims, rather than asking her directions to the Wilco store. From the victims' credible testimony and the circumstantial evidence in this case, the court could infer that the defendant intended to secretly confine the girls in his car. See *People v. Jimenez*, 191 Ill. App. 3d 13, 547 N.E.2d 616 (1989). The trial judge was not required to accept the defendant's testimony that he merely asked the girls directions to the Wilco store in a residential neighborhood, especially in light of the inconsistent accounts he gave to the police. See *People v. Viano*, 139 Ill. App. 3d 560, 487 N.E.2d 623 (1985).

We thus conclude from the evidence presented that a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the inchoate offenses charged. Accordingly, we affirm the defendant's convictions.

Affirmed.

McCUSKEY, P.J., and HOLDRIDGE, J., concur.