**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180585-U

Order filed May 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0585 Circuit No. 16-CF-1467 |
| | ) | |
| SAMUEL H. BURKS, | ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   Defense counsel did not render ineffective assistance.

¶ 2       Defendant, Samuel H. Burks, appeals following his conviction on two counts of unlawful

grooming of a minor. Defendant argues that defense counsel rendered ineffective assistance by

failing to object to the admission of an interrogation video into evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant via indictment with two counts of unlawful grooming of a

minor (720 ILCS 5/11-25(a) (West 2016)). The indictment alleged that S.G. was under 17 years

of age and that defendant attempted to seduce S.G. in order to commit aggravated criminal

sexual abuse (count I), as well as to entice S.G. to distribute photographs depicting S.G.'s sex

organs (count II). Defendant elected to proceed via bench trial.

¶ 5          At trial, Detective R.J. Austin of the Will County Sheriff's Office testified that his

investigation began when S.G.'s mother contacted police regarding inappropriate text messages

between S.G. and defendant. As part of the investigation, data was recovered from both S.G.'s

and defendant's cell phones. Austin described three videos found on defendant's phone, which

depicted S.G. While the videos were only seconds in length, Austin noted that it did not appear

S.G. knew that she was being recorded.

¶ 6          The cell phone data retrieval also uncovered an extensive exchange of text messages sent

between S.G. and defendant. Austin testified at length regarding the content of those messages,

and the messages themselves were entered into evidence. The messages contain numerous

references to S.G.'s breasts, buttocks, and vagina, as well as defendant's penis. Defendant

repeatedly professes his love for S.G. and talks of dating her. Defendant also frequently requests

that S.G. send him photographs, including requests for nude photographs. In one exchange,

defendant graphically described a sexual dream he had about S.G. Austin testified that S.G. was

14 years old at the time the text messages were exchanged. Defendant was S.G.'s basketball

coach.

¶ 7          The court reviewed in chambers, without objection, an unredacted video recording of

defendant's interrogation. At the outset of the interrogation, defendant concedes that he sent

2

"inappropriate" text messages to S.G. Defendant insists that the messages were intended humorously but that "it just got way carried away." Defendant repeatedly denies that he was pursuing a physical relationship with S.G. or that the text messages would lead to anything more. Throughout the interrogation, Austin expresses skepticism at defendant's account, suggesting that defendant is lying about not trying to seduce S.G. Austin repeatedly encourages defendant to admit to attempting to seduce S.G.

¶ 8    S.G. testified to two prior instances when defendant had "smacked" or "spanked" her buttocks. S.G. also described occasions when defendant had tickled and wrestled with her. Once, S.G. believed defendant's hand had unintentionally touched her breast. S.G. recalled a number of times in which she met with defendant surreptitiously. On those occasions, defendant hugged S.G., held her hand, and kissed her on the forehead.

¶ 9    S.G. also testified regarding the text messages. In one conversation, defendant sent S.G. a message reading, "He is begging me to ask for his daily after the shower pic[ture]." When S.G. responded that she would put clothes on first, defendant replied, "Okay. Fine. Ruin the mood***." S.G. took this to mean that defendant wanted a naked photograph of her. On a different occasion, defendant sent a message reading, "The next time you are in the shower […] so I do not have to work with my eyes closed[.]" Again, S.G. believed this was a request for a naked photograph.

¶ 10    Defendant elected not to testify. In closing, defense counsel insisted that defendant did not act with the required intent. Counsel called the text messages nothing more than "stupidity and inappropriateness." Counsel emphasized that it was not in defendant's nature to commit sexual abuse, but that it was "in his nature to do sarcastic and stupid text messages."

¶ 11    The court found defendant guilty on both counts and sentenced him to two years' probation.

¶ 12    II. ANALYSIS

¶ 13    On appeal, defendant argues that defense counsel provided ineffective assistance by failing to object to the admission of the unredacted interrogation video. Defendant maintains that such an objection would have been sustained because the video was highly prejudicial in that it exposed the circuit court, as trier of fact, to Austin's repeated opinion that defendant was lying regarding his intent. Defendant further argues that the deficient performance was prejudicial because, but for the admission of the unredacted video, a reasonable likelihood exists that the court would have found him not guilty.

¶ 14    We analyze a claim of ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on such a claim, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defendant. *Id.* In order to demonstrate deficient performance, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Prejudice is demonstrated where a defendant shows that a reasonable probability exists that, but for counsel's deficient performance, the result of the trial would have been different. *People v. Enis*, 194 Ill. 2d 361, 376 (2000).

¶ 15    The offense of unlawful grooming is committed where a person

    "knowingly uses *** any *** device capable of electronic data storage or
    transmission to *** attempt to seduce, solicit, lure, or entice, a child *** to
    commit any sex offense as defined in Section 2 of the Sex Offender Registration

4

Act, to distribute photographs depicting the sex organs of the child, or to otherwise engage in any unlawful sexual conduct with a child." 720 ILCS 5/11-25(a) (West 2016).

The State was thus tasked with proving not merely that defendant sent graphic and highly inappropriate text messages to S.G., but that he did so in an attempt to seduce S.G. into committing a sex act that would constitute aggravated criminal sexual abuse[1] (count I) and seduce S.G. into sending photographs depicting her sex organs (count II). It is well-settled that a defendant's intent is rarely susceptible to direct proof, and therefore must often be proven through circumstantial evidence. *E.g.*, *People v. Williams*, 295 Ill. App. 3d 663, 665 (1998).

¶ 16 Defense counsel's decision to not object to the admission of the unredacted interrogation was undoubtedly a matter of trial strategy. The defense's theory of the case was that while the text messages were "stupid" and "inappropriate," they were nothing more than jokes, and did not evince any attempt to commit aggravated criminal sexual abuse or to procure naked photographs of S.G. This was defense counsel's closing argument, and it was the position that defendant himself staked throughout the three-hour interrogation. By agreeing to the admission of the unredacted video, counsel was able to demonstrate for the trier of fact defendant's repeated, vehement insistence that he did not have the required intent, while not exposing defendant to cross-examination. Counsel could reasonably have concluded that this benefit greatly outweighed any risk that the court would be influenced by Austin's opinion.

---

[1]Aggravated criminal sexual abuse is committed, *inter alia*, where a "person commits an act of sexual conduct with a victim who is at least 13 years of age but under 18 years of age and the person is 17 years of age or over and holds a position of trust, authority, or supervision in relation to the victim." 720 ILCS 5/11-1.60(f) (West 2016).

¶ 17      Defendant argues that counsel's decision to not object to the admission of the video "cannot be justified under the theory that defendant's recorded denials of guilt were needed by defense counsel to argue that defendant was not guilty." Defendant points out that the burden was on the State to prove his guilt, and defendant was under no obligation to introduce evidence of his own innocence. While it is certainly true that a criminal defendant is not obligated to bring forth any evidence, he is nevertheless free to do so. A defendant will surely testify or bring other evidence—or, as in this case, acquiesce in the admission of the State's evidence—if he believes it will increase the likelihood that the trier of fact will find him not guilty. As stated, defense counsel could reasonably have decided that the interrogation video would be helpful to defendant's case.

¶ 18      Defendant also argues that counsel's determination regarding the video cannot be justified on the grounds that "counsel needed the interview to argue that the texts had been benign because the primary intent behind them was humor." Defendant points out that the text messages were replete with "LOLs" and "laughter emojis," such that counsel could have made the same argument based on the text messages alone. Again, it is true that counsel *could have* made his argument based on the text messages alone. But counsel could also have reasonably decided that his argument would be significantly more effective if it was based on a three-hour video in which defendant fervently made the same point. In short, defendant has failed to rebut the strong presumption of sound trial strategy and has thus failed to demonstrate deficient performance on the part of counsel. See *People v. Smith*, 195 Ill. 2d 179, 188 (2000).

¶ 19      In closing, we note that even if deficient performance is assumed, defendant has failed to demonstrate any prejudice. First, it is extremely unlikely that Austin's opinion as to defendant's intent, as expressed throughout the interrogation video, played any role in the court's

6

determination of guilt. The court is presumed to know the law and apply it correctly. *E.g.*, *People v. Howery*, 178 Ill. 2d 1, 32 (1997). Moreover, "when a trial court is the trier of fact a reviewing court presumes that the trial court considered only admissible evidence and disregarded inadmissible evidence in reaching its conclusion." *People v. Naylor*, 229 Ill. 2d 584, 603 (2008). More importantly, there is no reasonable likelihood that, without the interrogation video, the court would have acquitted defendant. The text message evidence was graphic, extensive, and overwhelming, and S.G.'s testimony showed that defendant's behavior had already escalated from purportedly joking text messages to inappropriate physical conduct. Defendant has thus failed to demonstrate either prong of the *Strickland* test for ineffective assistance of counsel.

¶ 20                                    III. CONCLUSION

¶ 21          The judgment of the circuit court of Will County is affirmed.

¶ 22          Affirmed.