**People of the State of Illinois, Plaintiff-Appellee, v. William O. Wolfe, Defendant-Appellant.**

**Gen. No. 52,913.**

First District, Second Division.

May 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James D. Hennings and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John McClory, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

William O. Wolfe was convicted, following a jury trial, of the offense of unlawful sale of narcotic drugs in violation of Ill Rev Stats, c 38, § 22–3. Judgment was entered on the verdict and he was sentenced to a term of not less than ten years to life in the Illinois State Penitentiary. The prosecution of his first appeal to this court resulted in reversal of the judgment and remandment of the cause for a new hearing on defendant's motion to suppress evidence, with directions that if the motion is denied the original judgment of conviction should be reentered and if the motion is allowed a new trial should follow, People v. Wolfe, 73 Ill App2d 274, 219 NE2d 634 (1966). The mandate of this court having been carried out and the trial court's having again denied defendant's motion to suppress, defendant again appeals alleging (a) that it was error to allow the State's motion for reassignment; (b) that it was error to deny his motion for substitution of judges; and (c) that he is entitled to a new trial as his conviction was based upon perjured testimony.

Following our remandment of the cause to the trial court, it was assigned to a judge other than the one who presided at defendant's trial. It remained on his call for a period in excess of two months, at which time, on motion of the prosecution, it was transferred to the presiding judge for reassignment. The presiding judge reassigned the case to the original trial judge on November 30, 1966, for appearance on December 5, 1966. On December 14, 1966, defendant filed a petition for substitution of judges under section 114–5(a) of the Code of Criminal Procedure (Ill Rev Stats, c 38 (1963)). On July 26, 1967, defendant filed a second petition for substitution of judges, this one under subsection (c) of section 114–5 of the Code of Criminal Procedure, alleging prejudice

of the trial judge. Both petitions for substitution of judges were denied, and after a hearing on defendant's motion to suppress, the motion was denied, judgment of guilty entered, and defendant again sentenced.

■ The defendant first contends that the trial court erred in allowing the motion of the State for reassignment. He argues that section 114–5 of the Code of Criminal Procedure makes no provision for substitution of judges on motion of the prosecution and therefore the reassignment of the cause to the original trial judge was error. The State argues that the reassignment was proper under the mandate of this court that the cause be remanded to the "trial court" in that the terms "trial court" and "trial judge" are synonymous. We find neither of these arguments to be persuasive. Although the defendant is correct in his analysis of the statute, it does not follow that a reassignment cannot be supported by other authority. Further, the terms "trial court" and "trial judge" are not synonymous. There is only one trial court before which this cause, at any stage of its history, could have been heard, the Circuit Court of Cook County, in the various divisions and branches of which many "trial judges" preside.

■ This court does, however, take judicial notice of the rules, orders, and procedures adopted by the Circuit Court. We find General Orders eleven (11) and thirteen (13) of the Circuit Court, authorizing transfer of a cause to a judge to which it had been previously assigned sufficient authority to justify the transfer of which defendant complains.

■ General Order No. 11—Dated Jan. 2, 1964.

The presiding judge of the Criminal Division, County Department, Circuit Court of Cook County, is hereby authorized to transfer to any judge previously assigned to the Criminal Division, County Department, or to the former Criminal Court of

Cook County any matter previously assigned to him for the purpose of

1) terminating such matter; and
2) hearing all post-trial motions and proceedings concerning such matter.

General Order No. 13—Dated Oct. 20, 1964.

The Presiding Judge of each Division of the County Department and each District of the Municipal Department of the Circuit Court of Cook County is authorized to transfer to any judge previously assigned to said Division or District any matter previously assigned to that judge for the purpose of

1) terminating such matter; and
2) hearing all post-trial motions and proceedings concerning such matter.

The clear intention expressed by these orders is that any particular matter, once assigned, be heard exclusively by one jurist, even if he no longer presides in the particular division or district in which the matter was originally heard. To hold that a similar assignment cannot be effected in situations such as the present where the judge to whom the case was originally assigned still presides in that same division would be inconsistent with that intention.

Defendant next argues that his petitions for substitution of judges were both erroneously denied. We find the denial of the petition filed under section 114–5 (a) to be proper on two equally compelling grounds. First, this subsection, commonly referred to as the mandatory substitution section, has been held not to apply after the jurist which the petition challenges has made a ruling on the merits of the case. People v. Speck, 41 Ill 2d 177, 242 NE2d 208 (1968). The proceedings from which the present appeal is taken did not constitute a

new cause, but were a continuation of the proceedings over which the trial judge presided and at which he made rulings on the merits.

■ Secondly, section 114–5(a) specifically provides that the petition must be filed within ten days following the date the cause is placed on a judge's trial call. The instant cause was placed on the trial judge's call on the date it was assigned, November 30, 1966. Clearly the petition filed December 14, 1966, fourteen days later, came too late.

■ Defendant's second petition for substitution of judges was filed under section 114–5(c). That section differs from the section previously discussed in the following significant respects. The motion must be supported by affidavit, only one judge may be named, and a hearing is had on the merits of the motion, as substitution is not mandatory. Defendant argues that denial of his motion filed under section 114–5(c) was improperly denied in that no evidence was heard by the trial judge in support thereof as contemplated by the statute, and therefore the allegations contained in his verified motion must be taken as true, citing People v. Etheridge, 78 Ill App2d 299, 223 NE2d 437 (1966). Defendant misconstrues the holding in that case. In Etheridge the defendant was apparently denied a hearing on his motion for substitution and consequently was not given an opportunity to present evidence as the record indicated only that argument of counsel had been heard. Here however, a hearing was had at which defendant was present and represented by counsel. He was afforded an opportunity to present evidence in support of his motion and failed to do so. The duty imposed on the trial judge by section 114–5(c) is to afford an opportunity to present evidence, not to insure that evidence is presented. That duty was fully discharged here.

■ Finally, the defendant has pointed out a discrepancy between the testimony of the informer at the trial and at the post-trial hearing on the motion to suppress evidence. At trial, the informer testified that he had been a narcotics addict in the past, but had "taken the cure" at the Federal Narcotics Hospital at Lexington, Kentucky. At the post-trial hearing, the informer testified that he had cured himself. Defendant argues that since this discrepancy did not come out until after trial he was not afforded the opportunity to present it to the jury as evidence of the informer's meager credibility. Apparently aware, however, of the long established principle that a new trial will not be granted for the purpose of allowing new evidence to be presented which serves only to impeach, see People v. Potts, 403 Ill 398, 86 NE 345 (1949), defendant seeks to characterize the testimony of the informer as perjured. We do not find this single discrepancy sufficient to establish that the testimony of the informer was false. Similarly, there is no basis in the record to support defendant's allegation that the prosecution, knowing the informant's testimony to be false, allowed it to stand.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.