(No. 53152)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DOUGLAS DEES, Appellee.

*Opinion filed June 4, 1981.*

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Nancy Owen and Paul C. Komada, State's Attorneys, of Charleston (Donald B.

Mackay, Melbourne A. Noel, Jr., and Maureen Cain, Assistant Attorneys General, of Chicago, and Gary J. Anderson and Karen L. Boyaris, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, of the Office of the State Appellate Defender, of Springfield (Don L. Johnson, Assistant Defender, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On February 15, 1979, the defendant, Douglas Dees, was arrested without a warrant, and an information was filed charging him with the misdemeanor offenses of resisting a police officer and escape. On the same day a warrant was issued by the Department of Corrections reciting that defendant had violated the conditions of his parole from an earlier conviction and sentence of imprisonment, and commanding his apprehension and return to confinement. On February 23 he was served with written notice of the alleged parole violations and waived a preliminary hearing on those charges. He revoked that waiver on February 28. On March 1 he was brought before a judge of the circuit court of Coles County for arraignment on the criminal charges and furnished a copy of the information. Defendant declined the appointment of counsel and pleaded not guilty. On March 12 he moved for a discharge from custody because he had not been given a preliminary hearing during the 14-day period between his arrest and arraignment. That motion was denied on March 19. Defendant then requested a lawyer, and counsel was appointed.

A hearing on the charges of parole violation was held on March 20 by the Department of Corrections, and probable cause was found. Defense counsel subsequently renewed defendant's original motion to dismiss the crimi-

nal charges, and on April 25 the circuit court found that the 14-day delay between arrest and arraignment violated the statutory provisions concerning preliminary examination (Ill. Rev. Stat. 1979, ch. 38, par. 109—1(a)) and denied defendant due process. The criminal charges were dismissed with prejudice. A divided appellate court affirmed (81 Ill. App. 3d 35), and we granted the State's petition for leave to appeal.

The defendant alleges, and the trial and appellate courts found, that defendant was prejudiced by the 14-day delay in bringing him before a judicial officer. The State argues that since defendant would have remained in jail on the parole-violation charges even if a judge had found no probable cause for the criminal charges, defendant suffered no actual and substantial prejudice from the delay in his court appearance. The State also asserts that even if the delay is found to be unreasonable and the cause of substantial prejudice to defendant, the dismissal of the charges without leave to refile was inappropriate.

Our Code of Criminal Procedure of 1963 provisions relating to preliminary examinations state in part:

> "Sec. 109—1. Person Arrested.
>
> (a) A person arrested without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county, and a charge shall be filed. A person arrested on a warrant shall be taken without unnecessary delay before the judge who issued the warrant or if he is absent or unable to act before the nearest or most accessible judge in the same county.
>
> (b) The judge shall:
>
> (1) Inform the defendant of the charge against him and shall provide him with a copy of the charge.
>
> (2) Advise the defendant of his right to counsel and if indigent shall appoint a public defender or licensed attorney at law of this State to represent him in accordance with the provisions of Section 113—3 of this Code.
>
> (3) Hold a preliminary hearing in those cases where the judge is without jurisdiction to try the of-

fense; and

(4) Admit the defendant to bail in accordance with the provisions of Article 110 of this Code." Ill. Rev. Stat. 1979, ch. 38, par. 109—1.

The right of a defendant arrested without a warrant to at least an informal, nonadversary type of probable cause hearing before a judicial officer as a prerequisite to extended restraint of liberty is secured by the fourth amendment to the Federal Constitution. (*Gerstein v. Pugh* (1975), 420 U.S. 103, 114, 43 L. Ed. 2d 54, 65, 95 S. Ct. 854, 863.) Our own statutory provisions direct that such defendants be taken before a judge without unnecessary delay, and prescribe a somewhat more formal preliminary examination with a right to counsel. The precise question for our resolution is whether the 14-day interval between defendant's arrest and his court appearance justifies permanent dismissal of the charges where defendant has not established prejudice resulting from that delay.

The problem of delay in taking an accused person before a judicial officer is not a new one. (See Ill. Ann. Stat. ch. 38, art. 109, Committee Comments (Smith-Hurd 1970).) Delay alone, however, has not heretofore been considered sufficient cause to penalize the prosecution to the extent of excluding confessions obtained during the period between arrest and appearance before a judge (see Ill. Ann. Stat. ch. 38, art. 109, Committee Comments (Smith-Hurd 1970); *People v. Howell* (1975), 60 Ill. 2d 117, 122; *People v. Stone* (1970), 45 Ill. 2d 100) or to dismiss the case (*People v. Lawson* (1977), 67 Ill. 2d 449). Rather, this court, in the confession cases, has considered whether the evidence established that a confession secured during that period was voluntarily or involuntarily given. Only if that evidence supported a finding of involuntariness was the confession excluded.

In *Howell* and *People v. Hendrix* (1973), 54 Ill. 2d 165, we noted that the Illinois constitutional provision on preliminary hearings does not provide a grant of immunity

from prosecution as a sanction for its violation. Too, the United States Supreme Court in *Gerstein* noted that an illegal arrest or detention does not void a subsequent conviction, stating, "Although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." (420 U.S. 103, 119, 43 L. Ed. 2d 54, 68, 95 S. Ct. 854, 866.) Similarly, in *Lawson* this court considered preindictment delay of nearly a year insufficient, without proof of actual and substantial prejudice, to justify dismissal of the charges. Instead, the court established a balancing process to weigh the competing interests of the defendant and the State. It was there said:

> "Where there has been a delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual *and* substantial prejudice. *** If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity, of the delay.
>
> If this two-step process ascertains both substantial prejudice and reasonableness of a delay, then the court must make a determination based upon a balancing of the interests of the defendant and the public. Factors the court should consider, among others, are the length of the delay and the seriousness of the crime." (Emphasis in original.)
> *People v. Lawson* (1977), 67 Ill. 2d 449, 459.

While *Lawson* involved a claimed constitutional due process violation arising from lengthy delay between commission of the crime and indictment, the prejudice alleged to have resulted is identical to that argued to have occurred here—hindering preparation of a defense to the charges.

Concededly, a significant difference between *Lawson* and this case exists in that in *Lawson* the defendant was at liberty during the complained-of period. But as we later note, it was not shown that defendant's incarceration here would have been shortened had he been taken before a judge without any delay. Given that fact, permanent dismissal of the charges in this case does not seem compatible with the rationale underlying *Gerstein, Lawson, Howell,* or *Hendrix.*

Although there is no clear indication in this record or in his memorandum opinion of the reason for the trial judge's belief that defendant had been actually and substantially prejudiced, he and the appellate court both appear to have believed the criminal charges which were filed by the State's Attorney and the parole violations alleged by the Department of Corrections were "identical," for both courts emphasized that aspect. In fact, both were not identical, nor is it entirely clear that they were even related. The notice of parole-violation charges served upon defendant consisted of a printed form upon which the specific information was typed. The space on the face of the form for a statement of the charges contained the resisting and escape charges followed by the printed words: "(For further allegations, see reverse side)". On the reverse side were two additional paragraphs alleging unlawful possession of a firearm and possession of stolen property. The transcript of the March 19 hearing at which defendant's *pro se* motion for discharge was denied contains comments by the trial judge clearly indicating that he observed the additional charges on the reverse side of the document while examining it. At the time of the hearing a month later on the renewed motion for discharge, however, the trial judge apparently overlooked or did not recall the additional charges, for his memorandum opinion filed two months later indicates the criminal charges and allegations of parole violations to be "identical." This error was re-

peated in the appellate court, apparently because in making up the record on appeal only the face of the notice was copied. Consequently the record before the appellate court omitted the additional allegations regarding stolen property and a firearm. The record has been supplemented in this court by adding the original document. The extent to which that clerical error misled the appellate court is, of course, unknown, but it is noteworthy that its opinion emphasizes that prejudice occurred because of the identicality of the charges and that "a swift determination of the criminal charge would have an obvious effect upon the parole violation proceedings." 81 Ill. App. 3d 35, 40.

The appellate court also considered that the fact defendant was held for 14 days without being advised of the nature of the criminal charges against him constituted a sufficient "hindrance to defense efforts so as to prejudice defendant's rights." (81 Ill. App. 3d 35, 40.) This conclusion is unsupported by the record, which contains no suggestion that witnesses have disappeared or become unavailable, or that evidence has disappeared. Too, the appellate court appears to have overlooked the fact that defendant had received notice on February 23, a week before his court appearance, of the parole-violation charges which included the criminal charges.

As noted earlier, and as the State argues, had defendant been taken before a judicial officer the day following his arrest, and the criminal charges been dismissed at that time, he would still have remained in jail pending resolution of the parole-violation charges. (*People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88.) Defendant does not actually dispute this, but simply reiterates the appellate court's suggestion that since the parole violation and criminal charges are "identical" prompt dismissal of the latter "would most likely have had a similar effect on the parole violation proceedings."

It is probable that in cases in which the criminal

charges and the parole-violation charges are identical, a hearing on either which resulted in a finding of no probable cause could dispose of both. In those circumstances it may well be that prejudice results from failure to comply with section 109—1. But where the charges are not identical, and it is not established that a disposition of the criminal charges favorable to defendant would similarly affect the parole-violation charges, we believe defendant has the obligation to demonstrate that the delay in his appearance before a judicial officer has in some manner actually prejudiced him. In the absence of such proof of prejudice, the motion to dismiss the criminal charges and discharge defendant should have been denied.

The judgments of the appellate and circuit courts are accordingly reversed and the cause remanded to the circuit court of Coles County for further proceedings consistent herewith.

*Reversed and remanded.*