THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD JACKSON, Defendant-Appellant.

First District (4th Division)   No. 85—1223

Opinion filed March 26, 1987.

---

321

Steven Clark and Sue Augustus, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan Disis, and Penelope Moutoussamy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

This is the second appeal by defendant, Richard Jackson, from his conviction for murder, attempted murder, and armed robbery (Ill. Rev. Stat. 1977, ch. 38, pars. 9—1(a), 8—4(a), 18—2(a)). In the first appeal of *People v. Jackson* (1983), 119 Ill. App. 3d 951, 458 N.E.2d 59, this court reversed and remanded the cause for a new trial. At a bench trial on remand before the original trial judge, defendant was again convicted of the same offenses. He was sentenced to concurrent terms of 60 years for murder, 60 years for armed robbery, and 30 years for attempted murder. This sentence was ordered served consecutively with a previously imposed 10-year sentence on an unrelated offense.

This appeal raises the following issues for review: (1) whether the trial court committed reversible error in denying defendant's motion for substitution of judges; and (2) whether the trial court abused its

discretion by ordering defendant's concurrent sentence of 60 years to be served consecutively with a previously imposed 10-year sentence.

We affirm.

Defendant and his brother, Dennis Emerson, were indicted by grand jury in October 1979 for the armed robbery and murder of Delinda Byrd and the armed robbery and attempted murder of Robert Ray. They were convicted by a jury with Honorable James M. Bailey presiding, and defendant Jackson was sentenced to concurrent terms of 60 years for murder, 60 years for armed robbery, and 30 years for attempted murder. Defendant appealed. On appeal, this court reversed the convictions and remanded the cause for a new trial, ruling that the prosecution's closing argument was improper and that the trial court erroneously admitted evidence of Robert Ray's prior out-of-court statements.

At trial on remand, the case was again assigned to Judge Bailey. Six days later, defendant filed a motion for substitution of judges, arguing that the 10-day limitation to move for substitution applied to his case. Judge Bailey denied the motion and the case was continued until March 25, 1985, at which time defendant waived a jury trial (codefendant, Dennis Emerson, was simultaneously tried before a jury) and was again convicted of the same offenses.

The record reveals that on the night of August 13, 1979, Robert Ray, who ran the Centaur Lounge at 69th and Racine in Chicago, was visited by his acquaintance Dennis Emerson and defendant. The three men were socializing in Ray's living quarters in the rear of the lounge. Delinda Byrd, Ray's girlfriend, joined them later. Emerson and defendant tied up, searched, and robbed Ray and Byrd at gunpoint and then robbed the lounge. They then stabbed the victims in the back several times and threw them into the bedroom after having set the bed on fire. The assailants fastened the bedroom door with a wire and then departed.

Ray and Byrd removed their bindings and escaped into an air shaft through a bedroom window. Ray climbed through a second window into the lounge and went to summon the fire department. Byrd was unable to climb out of the air shaft and died before firemen could rescue her. Ray was hospitalized for 9 days with a collapsed and punctured lung, and he suffered from smoke inhalation.

At the close of trial the court found defendant guilty. The court sentenced him again to concurrent sentences of 60 years for murder, 60 years for armed robbery, and 30 years for attempted murder. The judge ran the sentences consecutive to defendant's 10-year sentence for aggravated battery and armed violence, which stemmed from his

guilty plea to the stabbing of a guard while he was incarcerated from his original conviction in this case. Defendant appeals.

## I

■ Defendant's first contention on appeal is that his motion for substitution of judges, pursuant to section 114—5(a) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)), was made within 10 days of the case on remand's being placed on Judge Bailey's trial call and, therefore, the judge's denial of the motion for lack of timeliness is erroneous. Section 114—5(a) of the Code, commonly referred to as the mandatory-substitution statute, provides "for an automatic substitution of judges without proof of actual prejudice if such a motion is filed within 10 days after the case has been placed on the trial call of the judge." *People v. Speck* (1968), 41 Ill. 2d 177, 186, 242 N.E.2d 208, 214.

This case on remand was assigned to Judge Bailey's call on May 4, 1984. Defendant moved, *pro se*, for substitution of judge on May 10, 1984, 6 days after the case was assigned to the judge. Thus, the motion was technically within the 10-day period. However, our supreme court held in *Speck* that a motion under this statute is not timely where the jurist challenged has made rulings on the merits of the case. (41 Ill. 2d 177, 187, 242 N.E.2d 208, 214.) Thus, the question is whether the rulings made in the first trial constituted rulings on the merits of the case for the purpose of denying substitution of judge in the second trial before the original judge.

This court addressed this issue in *People v. Wolfe* (1970), 124 Ill. App. 2d 349, 260 N.E.2d 424. As in the instant case, defendant in *Wolfe* appealed the denial of his motion for mandatory substitution of judges when his case on remand was assigned to the original trial judge. Finding no distinction between *Wolfe* and the instant case, we reiterate our ruling in *Wolfe* that the "proceedings from which the present appeal is taken did not constitute a new cause, but [was] a continuation of the proceedings over which the trial judge presided and at which he made rulings on the merits." 124 Ill. App. 2d 349, 353-54, 260 N.E.2d 424, 427.

■ Defendant's argument continues by urging us to find that the pretrial right to mandatory substitution of judge is reinstated on remand as if it were a new cause of action. In support of this argument, he cites two recent Illinois Supreme Court supervisory orders mandating the substitution of judges. These are Jones v. Krause, No. 62018 (June 27, 1985), on remand from *People v. Jones* (1985), 105 Ill. 2d 342, 475 N.E.2d 832, and Williams v. McKay, No. 60577 (September

17, 1984), on remand from *People v. Williams* (1982), 93 Ill. 2d 309, 444 N.E.2d 136. As the State pointed out, supervisory orders are unpublished, recite no facts, and provide no rationale upon which the principles of *stare decisis* may attach. *Harris v. Bethlehem Steel Corp.* (1984), 124 Ill. App. 3d 449, 456, 464 N.E.2d 634, 639.

## II

■ Defendant next contends that the trial court abused its discretion in ordering the concurrent 60-year sentence in the instant case to be served consecutively with a previously imposed 10-year sentence. He argues that the trial court's determination that "the defendant deserves sufficient time in the penitentiary for stabbing a guard" was not authorized by the statute as a reason for the imposition of a consecutive sentence. Thus, arguing the sentence was improper.

Section 1005—8—4 of the Code of Criminal Procedure authorizes the imposition of consecutive sentences by providing, in pertinent part:

"(a) [W]hen a term of imprisonment is imposed on a defendant who is already subject to sentence in this State ***, the sentences shall run concurrently or consecutively as determined by the court ***.

(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—4(a), (b).

Defendant reads this statute to limit the reasons for which a consecutive sentence may be imposed to the recitation of the wording in the statute. Such would be redundant. The law clearly supports the State's contention that the language of the statute is permissive rather than mandatory (*People v. Hicks* (1984), 101 Ill. 2d 366, 374, 462 N.E.2d 473, 476; *People v. Davis* (1982), 93 Ill. 2d 155, 162, 442 N.E.2d 855, 858) and that the trial court must only establish on the record justifications for the consecutive sentences (*People v. Pittman* (1982), 93 Ill. 2d 169, 177-78, 442 N.E.2d 836, 840; *People v. Harris* (1984), 123 Ill. App. 3d 899, 908, 463 N.E.2d 1030, 1036; *People v. Soloman* (1983), 116 Ill. App. 3d 481, 487-88, 451 N.E.2d 953, 957).

■ ■ "The trial judge's decisions in regards to sentencing are entitled to great deference and weight, and absent an abuse of discretion by the trial court, a sentence may not be altered upon review."

(*People v. Plantinga* (1985), 132 Ill. App. 3d 512, 522, 477 N.E.2d 1299, 1306.) The record reveals that defendant was responsible for several violent acts both before and after his incarceration. He has a prior conviction for robbery. During his incarceration he was the subject of numerous disciplinary reports. He stabbed a guard and was convicted on a guilty plea of aggravated battery and armed violence. Additionally, the trial court considered the brutally violent circumstances in the instant offense. In light of the foregoing, we conclude the trial court was of the opinion that consecutive sentences were necessary to protect the public from further criminal conduct by the defendant and that the reasons set forth in the record are sufficient to satisfy the requirements of section 1005—8—4. Furthermore, defendant did not request that the court explicate its reasoning and, that right being personal, it is thereby waived. *People v. Davis* (1982), 93 Ill. 2d 155, 162-63, 442 N.E.2d 855, 858; *People v. Carter* (1984), 129 Ill. App. 3d 1076, 1081-82, 473 N.E.2d 434, 438.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI and LINN, JJ., concur.