THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
SHAWN FLEET *et al.,* Defendants-Appellees.

First District (2nd Division)   Nos. 86—1966, 86—1967, 86—1969 cons.

Opinion filed March 16, 1988.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Sharon L. Gaull, Assistant State's Attorneys, of counsel), for the People.

Paul P. Biebel, Jr., Public Defender, of Chicago (Deborah A. White and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellees.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

In these consolidated cases, the State appeals from orders discharging defendants and dismissing charges against them of possession of a controlled substance. We must determine whether: (1) this court lacks jurisdiction to entertain the State's appeals; (2) the circuit court erred in dismissing charges against defendants pursuant to a finding of no probable cause to detain; and (3) the circuit court erred in refusing to release defendants on bond pursuant to a finding of no probable cause to detain.

On June 17, 1986, police officers arrested defendant Shawn Fleet (Fleet) following a 10-minute surveillance by the officers, during which time they observed Fleet walk to a nearby pole, reach into the grass at its base, and remove a small package. From the package Fleet took "tin foil object[s]" which he exchanged with passersby and motorists for money. As the officers approached defendant, he dropped a tinfoil packet from his hand to the ground; in it, the police discovered "crushed green plant *** laced with PCP." At the base of the pole police recovered a cigarette box holding 14 tinfoil packets, each containing the same crushed green plant. Fleet was placed in custody, informed of his constitutional rights and transferred to a police facility, where he was charged with possession of a controlled substance. Ill. Rev. Stat. 1985, ch. 56½, par. 1402.

Police stopped defendant Dwayne Moon, a/k/a Dwayne Miller (Moon), on June 17 or 18, 1986, after observing Moon drop a tinfoil

packet to the ground and walk away. Upon opening the packet, the arresting officers found "green plant (suspect marijuana) laced with suspect PCP" and arrested Moon for possession of a controlled substance and "minor drinking." Ill. Rev. Stat. 1985, ch. 56½, par. 1402; Chicago Municipal Code ch. 190, par. 4 (1984).

While conducting a narcotics surveillance on June 18, 1986, police saw defendants Sharon Keyes (Keyes) and Kim Hudson (Hudson) make "numerous drug sales." The police approached defendants and asked them what they were doing. Keyes had a difficult time speaking, and the officers asked her to open her mouth, where they discovered a tinfoil packet of "a crushed green plant, suspect marijuana laced with PCP." The officers searched Keyes and found another packet containing a similar substance in her pants pocket.

During the same street stop, the police observed Hudson throw two tinfoil packets to the ground; these, too, contained "a crushed green plant, suspect marijuana laced with PCP." Both Hudson and Keyes were charged with possession of a controlled substance. Ill. Rev. Stat. 1985, ch. 56½, par. 1402.

On June 18, 1986, Moon and Fleet appeared before the circuit court in separate hearings to determine whether there was probable cause to detain them. Hudson and Keyes received a similar hearing on June 19, 1986. In each instance, the State admitted that defendants' arrest reports failed to demonstrate how the arresting officers knew the purported marijuana seized from defendants was laced with PCP. In the absence of field tests to prove the presence of controlled chemical agents in the tinfoil packets, the court found no probable cause to extend defendants' custody and discharged them.

The court also refused to release defendants on their own recognizance bonds, asserting that such releases under these circumstances would deprive defendants of their freedom and impinge upon their constitutional rights.

The State filed notices of appeal for causes 86—1966, 86—1967 and 86—1969 on July 18, 1986. This appeal followed.

### I

Defendants initially argue that this court lacks jurisdiction to entertain the State's appeals because the State may appeal only from those orders enumerated in Illinois Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604), none of which are applicable to these appeals.

In *People v. Love* (1968), 39 Ill. 2d 436, 439, 235 N.E.2d 819, the supreme court held that Rule 604 must be liberally construed and that the State may appeal from any judgment the substantive effect

of which resulted in the dismissal of an indictment, information or complaint. Indicia that a court contemplates further proceedings and therefore has not dismissed the action include: (1) ordering that defendant be released on bond pending further proceedings; and (2) granting the State a specific time period in which to file amended charges. (*People v. Harris* (1979), 68 Ill. App. 3d 12, 15-16, 385 N.E.2d 789.) In *People v. Scholin* (1975), 62 Ill. 2d 372, 342 N.E.2d 388, the State appealed an order; dismissing both counts of a two-count complaint and information charging defendant with theft; granting the State five days to file an amended information; and ordering defendant to "continue on bond pending the filing of Amended Information." Ruling that the " 'substantive effect' of the order did not result in the dismissal of the charges" against defendant, the court stated, "Clearly the circuit court did not intend to dismiss the charges or there would have been no reason to hold the defendant to bail or to set a time for arraignment." (*People v. Scholin,* 62 Ill. 2d at 373.) Furthermore, in *People v. Heddings* (1977), 66 Ill. 2d 404, 406-07, 362 N.E.2d 1260, the court held that an order dismissing an indictment but holding defendant to his bail "pending further proceedings" did not dismiss the charge, and instead "place[d] the cause in a state of [suspension]."

In this case, the court did not explicitly dismiss the charges against defendants, but nonetheless discharged defendants, expressly refused to release them on bond and did not establish a calendar for further pleading by the State. At most, the court informed the State that it could file misdemeanor charges against Fleet, if it so desired.

Defendants insist that the fact the court did not dismiss charges against defendants "with prejudice" precludes the State from appealing these orders. The court's failure to dismiss charged with prejudice, however, does not necessarily demonstrate an intent to exercise continuing control over the cases, and a dismissal with prejudice is not a condition of appellate jurisdiction. (*People v. Harris,* 68 Ill. App. 3d at 15-16; *People v. Walker* (1978), 57 Ill. App. 3d 77, 79, 372 N.E.2d 1084.) The substantive effect of the circuit court's orders was to dismiss the charges brought against defendants; this court has jurisdiction to hear the State's appeal.

## II

The State contends the circuit court erred in discharging defendants and dismissing charges against them because the sole purpose of the hearing was to determine if there was probable cause to prolong defendants' detention and, with few exceptions, only the State may

dismiss charges against a defendant prior to trial.

■ The fourth amendment requires a prompt judicial determination of probable cause as a prerequisite to extended restraint of liberty following a warrantless arrest. (*Gerstein v. Pugh* (1975), 420 U.S. 103, 114, 125, 43 L. Ed. 2d 54, 65, 71-72, 95 S. Ct. 854, 863, 868-69; *People v. Dees* (1981), 85 Ill. 2d 233, 237, 422 N.E.2d 616; *People v. Hadnot* (1987), 163 Ill. App. 3d 215, 219, 516 N.E.2d 582.) The *sole* issue before the magistrate of these *Gerstein* hearings, however, is whether there is probable cause to detain the arrestee pending further proceedings, and not whether the State's evidence justifies proceeding with the prosecution. (*Gerstein v. Pugh*, 420 U.S. at 120, 123, 43 L. Ed. 2d at 69, 70, 95 S. Ct. at 866, 867; see also *People v. Soloman* (1983), 116 Ill. App. 3d 481, 485, 451 N.E.2d 953.) The probable cause standard employed at a *Gerstein* hearing is the same "totality of the circumstances" test used in other criminal proceedings. *Gerstein v. Pugh*, 420 U.S. at 120, 43 L. Ed. 2d at 69, 95 S. Ct. at 866.

■ Furthermore, the circuit court may dismiss criminal charges before trial only when so authorized by supreme court rule (*People v. Schroeder* (1981), 102 Ill. App. 3d 133, 135-36, 429 N.E.2d 573) or statute, or when there has been a clear denial of due process (*People v. Lawson* (1977), 67 Ill. 2d 449, 456, 367 N.E.2d 1244; *People v. Lightner* (1986), 145 Ill. App. 3d 741, 744, 496 N.E.2d 269; *People v. Schroeder*, 102 Ill. App. 3d at 135-36.

■ Defendants in the case *sub judice* alleged no deprivation of due process at the June 18 or 19 hearings, nor does the record reveal any. Defendants cite no supreme court rule which might justify pretrial dismissal of the charges by the court. Section 114—1 of the Code of Criminal Procedure of 1963 is a vehicle for dismissal of criminal charges, but none of the grounds stated therein apply to the case at bar. (See Ill. Rev. Stat. 1985, ch. 38, par. 114—1.) Moreover, it does not appear that the court believed the proceedings before it were anything more than *Gerstein* hearings; the court stated repeatedly that its rulings were based on findings of no probable cause to detain. The court therefore erred in dismissing charges against defendants pursuant to a finding of no probable cause to detain.

### III

The State next asserts that even if the circuit court was correct in its belief that the State lacked probable cause to detain defendants, the court erred in discharging defendants instead of releasing them on their own recognizance as requested by the State.

■ The State correctly notes that it is the attempt to impose *sig-*

*nificant* restraints on an individual's liberty which necessitates a determination of probable cause following a warrantless arrest. (*Gerstein v. Pugh,* 420 U.S. at 125 & n.26, 43 L. Ed. 2d at 72 & n.26, 95 S. Ct. at 869 & n.26.) It follows, therefore, that where the pretrial restrictions urged by the State are insignificant, a judicial finding of probable cause is not an essential prerequisite to their imposition. (See *Gerstein v. Pugh,* 420 U.S. at 125, 43 L. Ed. 2d at 71-72, 95 S. Ct. at 868-69.) Finally, the *Gerstein* court expressly excluded the mere requirement that a defendant appear for trial from the list of restraints requiring a preliminary determination of probable cause. *Gerstein v. Pugh,* 420 U.S. at 125 & n.26, 43 L. Ed. 2d at 72 & n.26, 95 S. Ct. at 869 & n.26.

In the present case, releasing a suspect on his own recognizance subjects him to certain conditions; namely, he must; (1) appear to answer the charge(s) in court on a date determined by the court; (2) submit himself to orders and process of the court; (3) not leave the State without the court's permission; and (4) not violate any criminal statute. (Ill. Rev. Stat. 1985, ch. 38, pars. 110—2, 110—10.) Assuming the court finds no other grounds on which to restrict him (Ill. Rev. Stat. 1985, ch. 38, par. 110—10(b)), a suspect is not in custody and is free to pursue all lawful activities within the State that he enjoyed prior to his arrest. He is not entirely foreclosed from leaving Illinois; the bond conditions require only that he seek court approval before crossing State borders. In short, a suspect's release on bond a day after his arrest is not so significant a restraint as to require a judicial determination of probable cause before the bond issues. (See *People v. Toler* (1975), 32 Ill. App. 3d 793, 797-98, 336 N.E.2d 270.) The court was not bound to release defendants on their own recognizance (Ill. Rev. Stat. 1985, ch. 38, par. 110—2); it nonetheless erred in rejecting the State's request as inconsistent with a finding of no probable cause to detain.

For the foregoing reasons, we vacate the circuit court's orders of June 18 and 19, 1986, and remand for further proceedings consistent with this opinion.

Vacated and remanded.

STAMOS and SCARIANO, JJ., concur.