THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DANIEL VALENZUELA, Defendant-Appellee.

Second District   No. 2—88—0245

Opinion filed March 16, 1989.

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Lawrence D. Wechter, of Benson, Mair & Gosselin, of Batavia, and G. Joseph Weller and Roger Warner, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The State appeals from an order of the circuit court of Kane County dismissing an indictment which charged defendant, Daniel Valenzuela, with the offenses of burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1) and possession of burglary tools (Ill. Rev. Stat. 1987, ch. 38, par. 19—2). On appeal, the State contends that the trial court erred in dismissing the indictment with prejudice because defendant failed to show that the refiling of the indictment would deny him due process.

On April 20, 1987, defendant was charged by a two-count complaint with burglary and possession of burglary tools. After two continuances requested by the State and two continuances requested by the defendant, a preliminary hearing was conducted on August 6, 1987, on the complaint against defendant. At the conclusion of the hearing, the trial court determined that there was no probable cause to support either count of the complaint. It appears that the State's only witness was unable to properly identify either the location of the burglarized motor vehicle or the owner of the vehicle as alleged in the complaint.

Defendant was recharged with burglary and possession of burglary tools by a two-count complaint filed on September 24, 1987. This complaint only differed from the prior complaint in that the address at which the alleged burglary occurred was changed from 1249 E. Wilson to 849 E. Wilson. On December 3, 1987, defendant filed a motion to dismiss the second complaint contending that it was factu-

ally identical to the prior complaint except for the address alleged in the burglary count and, therefore, should be dismissed based on the principles of *res judicata* and collateral estoppel. At a hearing on defendant's motion to dismiss, the State requested leave to amend the complaint to state that the burglarized automobile belonged to Donald Moug, not Jeffery Reinert as alleged therein. The trial court stated that the State's amendments did not constitute a material part of the charges and granted defendant's motion to dismiss on the basis that the second complaint brought the same charges raised in the first complaint.

On December 22, 1987, defendant was charged in a two-count indictment with burglary and possession of burglary tools. The indictment was identical to the second complaint with the exception that the name of the owner of the burglarized motor vehicle was changed from Jeffery Reinert to Donald Moug.

Defendant then filed a motion to dismiss the indictment. In his motion, defendant urged dismissal of the indictment based on the State's failure to advise the grand jury, pursuant to section 112—4(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 112—4(b)), that a finding of no probable cause as to the charges in the indictment had resulted from the preliminary hearing on its first complaint. Defendant also sought dismissal of the indictment with prejudice for a violation of his due process rights based on harassment by the State. In this latter regard, defendant argued at the hearing on his motion to dismiss, relying on *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 381 N.E.2d 305, that the State's repeated charging constituted harassment which denied him due process. Defendant did not argue before the trial court, nor does he in this appeal, that the State intentionally harassed him, but rather, argues that the State's mismanagement of the case resulted in "legal" harassment. The State agreed that the indictment should be dismissed for its failure to comply with section 112—4(b), but argued the dismissal should be without prejudice to seek reindictment.

The trial court, in ruling on defendant's motion, indicated that, absent the delay in this case, it would agree with the State. The court ruled, however, that the eight-month period of time between the initial charging of defendant on April 20, 1987, and the December 22, 1987, indictment against defendant was excessive and, although unintentional, it constituted an unnecessary delay requiring dismissal of the indictment with prejudice.

On appeal, the State contends that the trial court lacked the authority to dismiss the indictment with prejudice. The State argues,

citing *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 381 N.E.2d 305, that there is no evidence of harassment or bad faith in this case because both of those terms imply intentional misuse of the State's charging power and the defendant has conceded that the State did not act intentionally. The State further maintains that, as to fundamental unfairness, defendant's only credible argument is that of excessive delay.

Defendant responds that the State's repeated attempts to charge him constitute harassment because they have unreasonably annoyed and alarmed him. He further maintains that the State's mismanagement of the case, which has resulted in his being repeatedly charged, whether intentional or not, constitutes harassment. Although the trial court dismissed the indictment because of unnecessary delay, defendant has not relied on this rationale on appeal. Nevertheless, as this was the basis of the dismissal, we shall first address the correctness of the trial court's reasoning in this regard.

■ A circuit court may dismiss criminal charges before trial only when authorized to do so by supreme court rule, statute, or when there has been a clear denial of due process. (*People v. Fleet* (1988), 168 Ill. App. 3d 126, 130, 522 N.E.2d 244.) Generally, a trial court has the inherent authority to dismiss a charge before trial where there has been an unequivocally clear denial of due process, but must proceed with restraint and ascertain preindictment denial of due process only with certainty. (*People v. Lawson* (1977), 67 Ill. 2d 449, 456-57, 367 N.E.2d 1244.) In the context of preindictment delay, a defendant must first make a clear showing of actual and substantial prejudice. (*Lawson*, 67 Ill. 2d at 459, 367 N.E.2d at 1248.) If he does so, the burden then shifts to the State to show the reasonableness, if not the necessity, of the delay. (*Lawson*, 67 Ill. 2d at 459, 367 N.E.2d at 1248.) Finally, if this two-step process ascertains both substantial prejudice and reasonableness of the delay, then the court must balance the interests of the defendant and the public in determining whether to dismiss the charge. (*Lawson*, 67 Ill. 2d at 459, 367 N.E.2d at 1248.) Factors the court should consider in this balancing of interests are, among others, the length of the delay and the seriousness of the crime. *Lawson*, 67 Ill. 2d at 459, 367 N.E.2d at 1248.

■ In this case, defendant failed to establish an unequivocally clear denial of due process. As to the preindictment delay, defendant did not make the preliminary showing of actual and substantial prejudice as required by *Lawson*. In fact, the record is devoid of any evidence that defendant was prejudiced by the delay in indicting him. The trial court dismissed the indictment with prejudice based upon

the length of the delay without a showing by defendant of actual and substantial prejudice. Such a dismissal on this record was erroneous under the standards enunciated in *Lawson*.

■ Defendant, however, argued in the trial court, as he does on appeal, that the State's recharging him twice after the no probable cause finding at the preliminary hearing constitutes harassment. In so arguing, defendant relies on *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 381 N.E.2d 305, as does the State. In *Overstreet*, the court stated that a finding of no probable cause at a preliminary hearing does not bar the State from seeking a second preliminary hearing on the same charge, absent a showing of harassment, bad faith or fundamental unfairness. (*Overstreet*, 64 Ill. App. 3d at 289, 381 N.E.2d at 307.) The issue in *Overstreet* was whether the State could refile the same information and proceed to another preliminary hearing after a finding of no probable cause at a previous preliminary hearing. The court stated that a subsequent proceeding by either indictment or information is barred if it reaches the point of harassment, thereby violating due process, but a second preliminary hearing does not *per se* violate due process. *Overstreet*, 64 Ill. App. 3d at 289, 381 N.E.2d at 307.

Also instructive generally is *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244. While *Lawson* presented a preindictment delay question, the analysis is grounded upon whether due process has been denied. In *Lawson*, the court concluded that, to insure a fair trial, a trial judge has inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process even though that is not a stated ground for dismissal in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—1). (*Lawson*, 67 Ill. 2d at 455, 367 N.E.2d at 1247.) In the context of preindictment delay, the court stated that trial courts must proceed with restraint at the pretrial stage and ascertain a denial of due process only with certainty, following an evidentiary hearing. *Lawson*, 67 Ill. 2d at 457, 367 N.E.2d at 1247.

■ Applying the due process analysis of *Lawson* and *Overstreet*, we conclude that defendant has failed to establish any harassment on the part of the State in seeking to indict him under these circumstances. He offered no evidence of any intent on the part of the State to harass him or that the State acted in bad faith in seeking to recharge him. It is apparent from the record that the second complaint against defendant was filed by the State because the first complaint did not allege the correct victim of the crime and the address where the crime occurred. Under these circumstances, the trial court, rather

than dismissing the complaint, should have allowed the State to amend the second complaint. These facts certainly do not show harassment by the prosecution. Defendant does argue, however, that intent to harass is irrelevant where, as here, the State has mismanaged the case in terms of charging him. It may very well be that the State has not handled this case in the most effective and efficient manner possible; however, absent a showing of intentional harassment of defendant or prejudice to defendant, it cannot be said that the State's mismanagement of this case denied defendant due process.

Further, we are unpersuaded by defendant's argument that the State's repeated attempts to charge him have unreasonably annoyed and alarmed him and thus denied him due process. Defendant was released from custody following the trial court's initial finding of no probable cause, and, absent a showing of actual and substantial prejudice, such mere assertions of annoyance and alarm do not rise to the level of the denial of due process.

■ Under these circumstances, defendant has failed to establish that the State denied him due process by seeking to indict him and, therefore, the trial court erred in dismissing the indictment with prejudice. Because the State concedes that it is not challenging in the appeal the propriety of the dismissal of the indictment without prejudice on the basis of its failure to notify the grand jury of the previous finding of no probable cause, we need not examine that question. Although an indictment may be dismissed where the grand jury acted contrary to article 112 of the Code of Criminal Procedure of 1963 (see Ill. Rev. Stat. 1987, ch. 38, pars. 114—1(a)(5), 112—1 *et seq.*), the dismissal order does not prevent the return of a new indictment (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e)).

The judgment of the circuit court of Kane County is affirmed but modified, pursuant to our authority under Supreme Court Rule 615(b)(1) (107 Ill. 2d R. 615(b)(1)), so that the dismissal of the indictment is without prejudice.

Affirmed as modified.

UNVERZAGT, P.J., and INGLIS, J., concur.